(135 App. Div. 94.)

## In re JOHN R. SHEEHAN & CO.

(Supreme Court, Appellate Division, First Department.   December 3, 1909.)

MUNICIPAL CORPORATIONS (§ 373*)—PUBLIC IMPROVEMENTS—LIEN FOR MATE-
RIALS—NOTICE—WHAT CONSTITUTES.

Unverified letters, filed with the city comptroller, notifying him that certain boilers had been furnished and installed in a public building under a conditional bill of sale to a subcontractor, by which title was not to pass until payment of the contract price, merely stating the contract, and the balance claimed to be due, without stating, as required by Lien Law (Laws 1897, p. 520, c. 418) § 12, as amended by Laws 1902, p. 74, c. 37, § 2, whether claimant is a partnership or corporation, or giving its address, and without claiming a lien against any fund, or stating when any part of the purchase price became due, are not a notice of a lien on a public improvements, and hence the court cannot direct that the rights of the seller be terminated on the general contractor giving security, as permitted by the lien law in cases of liens claimed on public improvements.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 373.*]

Appeal from Special Term, New York County.

Application by John R. Sheehan & Co. against Herman A. Metz, City Comptroller of New York, and the Fitzgibbons Boiler Company, to discharge certain notices as liens on a public building.  The application was granted, and from an order denying a motion to vacate that order, the Comptroller and Boiler Company appeal separately. Reversed, and motion granted.

Argued before INGRAHAM, McLAUGHLIN, · LAUGHLIN, CLARKE, and SCOTT, JJ.

John L. O'Brien- (Theodore Connoly, on the brief), for appellant Metz.

Mervyn Mackenzie, for appellant Fitzgibbons Boiler Co.

James F. Mack, for respondent.

LAUGHLIN, J.   The order from which the appeal was taken was evidently made on the theory that the notices that the material was delivered under a conditional bill of sale, by which title was not to pass until payment of the contract price, in effect constituted a mechanic's lien, and it directs that they be discharged the same as if they were mechanics' liens, on the giving of the undertaking by the contractor, who has a contract with the city, made by the Board of Trustees of the Bellevue and Allied Hospitals, for the performance of certain work at the Gouverneur Hospital.  The Fitzgibbons Boiler Company furnished three boilers to a subcontractor, which were delivered and installed in part performance of the contract work of Sheehan & Co.  The notices filed with the comptroller, which have been ordered discharged, do not purport to be notices of mechanics' liens.  They consist of-three letters.  The first is under date of July 12, 1905.  It gives notice that the Fitzgibbons Boiler Company has an agreement, in writing, with Rossman & Bracken, steam heating contractors, giving their office address, to furnish the three boilers designated in certain specifications, giving the purchase price, and that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the boilers were installed in the Bellevue Hospital, Gouverneur Branch, and that "under such contract it is especially provided that the title to the boilers.shall not pass from our company until all sums due on the purchase price of the same, are fully paid and satisfied." And it further states the purchase price of the boilers and that Sheehan & Co. are the general contractors. The second letter is dated March 7, 1906, and refers to the other, and gives notice that a payment of $4,452 has been made on account, leaving a balance of $1,113 unpaid, and again draws attention to the provision of its contract by which title was not to pass until the whole amount of the purchase price should be paid. The third letter is under date of December 11, 1907, and refers to the second letter, and describes it as a letter "in regard to a conditional bill of sale," and states that the amount "of this conditional bill of sale was $5,565," and that there was a balance due and owing to the Fitzgibbons Boiler Company, of $1,113, together with interest thereon, "before we relinquish our right and title."

It will be noticed that no lien was claimed upon the fund due or to grow due to the contractor. There was no attempt to comply with the requirements of section 12 of the lien law (chapter 418, p. 520, Laws 1897). None of the letters state the residence of the claimant, nor did the first letter state the amount due or to become due, but merely the contract price, without stating whether or not it had been paid. None of the letters stated the date when any part of the purchase price became due. Section 12 of the lien law, as amended by section 2, c. 37, p. 74, of the Laws of 1902, which authorizes the filing of a notice of lien, provides with respect to the contents thereof, as follows:

"The notice shall state the name and residence of the lienor, the name of the contractor or subcontractor for whom the labor was performed or materials furnished, the amount claimed to be due or to become due, the date when due, a description of the public improvement upon which the labor was performed and materials expended, the kind of labor performed and materials furnished and give a general description of the contract pursuant to which such public improvement was constructed."

In no view can these letters be held to constitute valid notices of liens under the statute, and therefore the court was without authority to discharge them as if they were mechanics' liens. It is extremely doubtful whether the order of the court, or the undertaking which it requires to be filed, as a condition of discharging the alleged notices of lien, would protect the city. The only possible theory upon which the city would be protected is that the Fitzgibbons Boiler Company had notice of the application for the order and might be bound by it. The Boiler Company, however, as well as the city, appeals, and its counsel argues that the undertaking would be void and not enforceable for its protection.

We are of opinion that the rights of the Fitzgibbons Boiler Company, by virtue of the notices it gave to the comptroller, cannot be determined upon a summary application to the court. It does not, as already observed, assert a lien against any fund. It merely gives notice that it claims and will claim that the title to the boilers did not pass from it and will not pass until the purchase price thereof is paid in full. Whatever its rights in the premises may be, inasmuch as it has

filed no notice of a mechanic's lien and asserts no right under the mechanic's lien law, the court was without authority, by virtue of the provisions of that law, to interfere with the notices which it gave the comptroller. There being no other authority for a summary application to the court in the premises, the application should have been denied.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements to each appellant, and motion granted, with $10 costs to the Fitzgibbons Boiler Company. All concur.