(C. D. 782)

C. S. Emery & Co. *v.* United States

United States Customs Court, Third Division

(Decided June 18, 1943)

*Carroll A. Davis* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: Plaintiff in this case alleges that the collector of customs at the port of St. Albans, Vt., assessed increased and additional duties on an importation of breakfast foods "without giving the consignees the Notice of Advance required by section 501 of the Tariff Act of 1930 and article 862 of the Customs Regulations of 1937," thus causing the assessment of increased and additional duties. It is further claimed that this failure to give the required notice of advance renders the "assessment, ascertainment, and liquidation of increased and additional duties illegal, void, and without effect."

The record discloses that the importer did receive notice of the appraisement but it is contended that it was not on the appropriate customs form. The notice of appraisement is a statutory requirement found in the opening sentence of section 501 of the Tariff Act of 1930, reading as follows:

The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value. * * *.

It will be noted that the statute prescribes no particular form of words for the notice. It follows that any notice that complies with the statute is sufficient. *Larini, Cavallaro & Co.* v. *United States*, 12 Treas. Dec. 500, T. D. 27715, G. A. 6478. That the notice received by the importer in the instant case was sufficient to advise importer that its goods had been appraised and that the appraised value was higher than the entered value is self evident. It gave the entry number, the date of entry, the date of the appraiser's return, and stated that there was an addition by the appraiser to make market value, and also that there was an estimated additional duty due the Government amounting to $461.70. It gave also the number of the railroad car in which the goods had been transported and the number of packages in the importation. There is nothing vague, or indefinite,

or misleading about this notice. We observe that the plaintiff does not claim either in the protest or brief that it was misled.

Taking judicial notice of the records of our own court, we note that the plaintiff herein filed a petition under section 489 of the Tariff Act of 1930 for remission of the additional duties incurred on this importation which petition was dismissed because it was filed after the statutory time allowed therefor had expired. (See *C. S. Emery & Co.* v. *United States*, 8 Cust. Ct. 434, Abstract 46789.)

Upon the record we find that the plaintiff has failed to sustain its burden of proof and its claim is therefore overruled.

Judgment will be rendered for the defendant.