383 P.2d 824

**PETROLEUM CLUB INN CO., a corporation, Petitioner-Appellant,**

**v.**

**George H. FRANKLIN, individually and as Chief of Division of Liquor Control, Bureau of Revenue, State of New Mexico, Respondent-Appellee.**

**No. 7244.**

Supreme Court of New Mexico.

July 15, 1963.

Dean S. Zinn, Santa Fe, for appellant.

Earl E. Hartley, Atty. Gen., Adolph J. Krehbiel, Joel M. Carson, II, Asst. Attys. Gen., Santa Fe, for appellee.

CARMODY, Justice.

Appellant was initially ordered to show cause before the chief of the division of liquor control why its liquor license should not be revoked, because it had originally been issued in an area in which, population-wise, it was not authorized under the provisions of § 46–5–24, N.M.S.A.1953, 1961 Supp. Prior to the hearing, appellant sought and obtained an alternative writ of prohibition, to prohibit the chief of the division from proceeding with the hearing. The trial court subsequently quashed the alternative writ, and this appeal followed.

One of the bases upon which the trial court quashed the writ was that the chief of the division has inherent power to revoke a liquor license on the ground that the license was issued contrary to the limitations of the act above cited. Although other matters are argued, this particular ground is determinative and the case is controlled by our opinion in Baca v. Grisolano, 1953, 57 N.M. 176, 256 P.2d 792. There we said:

"* * * The Chief of the Division of Liquor Control having power to grant liquor licenses under the provisions of the statute *has likewise inherent power to cancel and revoke any license which he finds has been, for any reason, issued without authority or issued in conflict with the statutes governing and limiting the issuance thereof* * * *. The appellant, or his predecessor, not only had the right and power to revoke and cancel the license illegally issued, but it was the duty of either of them to proceed to cancel and

revoke it upon discovering that it had been issued without legal authority and in contradiction of the plain provisions of the statute." (Emphasis added.)

See also Board of Trustees v. State Board of Equalization, 1934, 1 Cal.2d 784, 37 P.2d 84, 96 A.L.R. 775; and State ex rel. First Presbyterian Church of Miami v. Fuller, 1938, 133 Fla. 554, 182 So. 888, involving facts which are somewhat analogous.

 It was entirely within the administrative powers of the chief of the division (Floeck v. Bureau of Revenue, 1940, 44 N.M. 194, 100 P.2d 225, and Chiordi v. Jernigan, 1942, 46 N.M. 396, 129 P. 2d 640) to proceed with the hearing, in order to determine whether the license had originally been issued without authority under the statute. Baca v. Grisolano, supra. The chief's determination of this question is not in excess of his jurisdiction, and prohibition does not lie. State ex rel. Kermac Nuclear Fuels Corp. v. Larrazolo, 1962, 70 N.M. 475, 375 P.2d 118. Appellant's remedy to appeal to the court, if the decision is adverse, is preserved.

We have not overlooked City of Socorro v. Cook, 1918, 24 N.M. 202, 173 P. 682, relied upon by appellant, but we do not believe that it applies to the proceedings here contemplated. Res judicata is frequently termed applicable to administrative rulings. However, although not discussed in Gris-

olano, supra, under the authority of that case it is clear that it should not be applied in this situation. Cf. American Trucking Associations, Inc. v. Frisco Transp. Co., 1958, 358 U.S. 133, 79 S.Ct. 170, 3 L.Ed.2d 172; Lee Hon Lung v. Dulles (9th Cir., 1958), 261 F.2d 719; and 2 Davis, Administrative Law Treatise, § 1809, p. 605. But see Louis Stores, Inc. v. Department of Alcoholic Bev. Control, 1962, 57 Cal.2d 749 22 Cal.Rptr. 14, 371 P. 2d 758.

The judgment will be affirmed. It is so ordered.

COMPTON, C. J., and MOISE, J., concur.