**PHILIPP BROTHERS CHEMICALS, INC.**

v.

**UNITED STATES.**

C.D. 2410; Protest No. 322599–K.

United States Customs Court
Third Division.
Aug. 26, 1963.

Eugene R. Pickrell, New York City, Murray Sklaroff, New York City, of counsel, for plaintiff.

John W. Douglas, Asst. Atty. Gen., Sheila N. Ziff, New York City, trial atty., for defendant.

Before DONLON and RICHARDSON, Judges.

RICHARDSON, Judge.

In this protest proceeding, the plaintiff challenges the validity of the collector's liquidation under a claim that the appraisement is invalid by reason of a defective notice of appraisement. It is conceded that the appraised value of the involved merchandise is higher than its entered value by virtue of an advance in value made by the appraiser. And it is further conceded that a notice of appraisement was sent by the collector to the customs broker on customs Form 4301. This notice reads as follows:

"NOTICE OF APPRAISEMENT
OR REAPPRAISEMENT

"BUREAU OF CUSTOMS
"District No. 4, Port of
Boston, Mass.
"Collector's office, Nov. 19, 1954

"Philipp Bros. Chemicals Inc.
"c/o Stone & Downer Co.

"Sir:

"The merchandise entered by you under Cons. Entry No. 9197 dated 12/15/53, per S.S. Averdyk has been appraised in accordance with the

law. This notice is given for the reason checked below:

"[ ] The appraised value exceeds the entered value.

"[ ] A change in the classification of the merchandise has resulted from the appraiser's determination of value.

"[ ] Pursuant to your written request dated _____, 19___

"Any appeal from this appraisement must be made within 30 days from the date of this notice, and any application for review of the decision on reappraisement must be made within 30 days from Nov. 19, 1954, which is the date of the filing of the decision with the collector. (Sec. 501, Tariff Act of 1930, as amended.)

"Respectfully,

"Maynard Hutchinson, Collector

"By: P Scollo"

It will be observed from the notice that no checkmark was made by the collector in the box beside any of the three listed reasons. Consequently, the question posed by such omission is whether a notice of appraisement which informs the importer of the fact that his merchandise has been appraised, but does not specify from among three listed reasons why the notice is being sent, is sufficient to complete the appraisement. The plaintiff contends that such a notice is inadequate within the meaning of 19 U.S.C.A. § 1501 (section 501, Tariff Act of 1930, as amended), in the absence of a specified reason for the giving of such notice. The plaintiff argues that without such specification of reason in the notice of appraisement the importer would have no way of knowing what action to pursue because it would not have the information that the court held to be necessary in the case of C. S. Emery & Co. v. United States, 11 Cust.Ct. 8, C.D. 782. The defendant contends that the notice given by the collector in the case at bar complies with the statutory requirements.

The pertinent provisions of section 1501, supra, read as follows:

"The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. * * "

In C. S. Emery & Co. v. United States, supra, the court construed section 1501, supra, as it read prior to the enactment of the Customs Simplification Act of 1953 which added the third situation in which written notice of appraisement is given to the language of the opening sentence of the statute. The plaintiff there contended that the notice of appraisement was not given on the appropriate form and did not contain a notice of advance. The court there held that no particular form of notice was necessary, and concluded from the statements contained in the notice specifying the amount of estimated additional duty due that it was self-evident that the notice was sufficient to inform the importer that its goods had been appraised and that the appraised value was higher than the entered value. There was no specifiction of any amount of additional duty due in this case.

The notice in issue, supra, states that it is being sent "for the reason checked below," indicating that the collector's office interpreted the three instances in which notice of appraisement is required by statute to be sent the importer to constitute "reasons" for sending such notices. The three reasons why written notices of appraisement are required by 19 U.S.C.A. § 1501, were listed in the notice with boxes beside them for the insertion of checkmarks but no checkmark was inserted in any box. In such a situation, should the court construe the failure of the collector to specify a reason from the listed three as a "blanket notice" and thus no notice known to the law?

In at least one early case where no written noice was sent to the im-

porter of an advance in value, and the defendant alleged that plaintiff had actual knowledge of the advance, which the plaintiff did not deny, the Board of General Appraisers held that the statute had not been complied with; that a notice of advance in value of imported merchandise made by the appraiser must be given to the importer as provided in the Customs Regulations. The board stated:

"* * * It is a universal principle of law that, in the assessment, levy, and collection of taxes, all the requirements of the law must be complied with by the officers intrusted with the various duties in connection therewith. This principle applies to the collection of customs duties." [T.D. 30336, G.A. 6978, pp. 131, 132.].

The Board of General Appraisers was not insisting upon technical meticulosity but was applying the general principle that a Government agency must strictly comply with the statute under which it is acting. In re John R. Sheehan & Co., 135 App.Div. 94, 120 N.Y.S. 153, and where the giving of notice is relied on to sustain forfeiture or divestiture of one's rights, directions as to how such notice shall be given must be strictly complied with. Pennsylvania Co. for Ins. on Lives and Granting Annuities v. Forrest Hill Building & Loan Ass'n, 125 Pa.Super. 465, 190 A. 556.

In Camera Specialty Company, Inc. v. United States, 39 Cust.Ct. 328, 329, Abstract 60940, the collector notified the importer that the "appraised value exceeds the entered value" (reason No. 1 in section 1501, supra), but failed to notify the importer that "a change in classification of the merchandise has resulted from the Appraiser's determination of value" (reason No. 2 in section 1501, supra), when, in fact, such a change in classification did result from the appraiser's determination of value. This failure of the collector to state the appropriate reason for sending the notice to the importer prompted the court to hold the liquidation of the entry in question invalid.

The 1922 Tariff Act contained no direct provision for notice to the consignee of changes in value made by the appraiser upon appraisement. The House of Representatives Report to accompany H.R. 2667 which became the Tariff Act of 1930, in commenting on section 501 which added reasons (1) and (2) stated at page 175, "There has * * * been added to this section a specific requirement for such notice [of appraisement] in any case in which the change in value might be prejudicial to the importer."

If actual knowledge of an advance in value does not relieve the collector of his statutory duty to send a written notice of advance in value to the importer (T.D. 30336, G.A. 6978), then it is not necessary for an importer to allege or establish that he was misled to his prejudice by a defective notice in order to have a liquidation declared invalid. If a collector by specifying reason number 1 in the statute for sending a notice when he should specify reason number 2, both of which reasons are prejudicial to the importer, does not impose upon the importer the duty to make inquiry of the collector to be sure of the collector's claim (Camera Specialty Company v. United States, supra), then he is not affected with knowledge of all which he would have discovered had he made inquiry.

If all that is required of the collector is that he send the importer a notice that his merchandise has been appraised, there would be little point in putting reasons 1, 2, and 3 in section 1501, in the Customs Regulations, or in Form 4301. Whereas it is not the court's function to say what procedure should be in an executive agency, it does appear that to provide that after the importer has received a notice that his merchandise has been appraised under a statute containing various reasons for sending such a notice, without specifying the applicable reason, the duty then devolves upon the importer to make inquiry of the collector to ascertain which part of the statute is applicable to his entry in

order to protect his interest under appraisement, would certainly be an awkward and an unnecessary time-consuming system of Government operation. It is our opinion that section 1501 does not provide for nor require such a procedure.

■ A statement of official action is required to be definite and a blanket notice is not sufficiently definite to meet this required standard. It follows that a notice which recites that it is being sent "for the reason checked below" and lists three reasons without checking or specifying which one is applicable to the noticee's importation is a "blanket notice" and no notice in law. Ambler v. Patterson, 80 Neb. 570, 114 N.W. 781, 782. An appraisement is not complete without a valid notice of appraisement to the noticee. Where the notice of appraisement is a blanket notice it is defective, and an appraisement completed upon such defective notice is invalid. Any liquidation based upon such an invalid appraisement is also invalid.

Title 28, section 2636(d) of the United States Code Annotated, provides as follows:

"If upon the hearing of a protest, the court declares an appraisement of merchandise made after the effective date of the Customs Administrative Act of 1938 to have been invalid or void, it shall remand the matter to a single judge who shall determine the proper dutiable value of such merchandise in the manner provided by this chapter. In such proceeding no presumption of correctness shall attach to the invoice or entered values. June 25, 1948, c. 646, 62 Stat. 981."

In view of the finding of the court and the requirements of title 28, section 2636(d), it is ordered, adjudged, and decreed that this protest be, and the same is, remanded to a single judge sitting in reappraisement to determine the dutiable value of the imported merchandise.

Judgment will be rendered accordingly.