(V.D. 130)

PHILIPP BROTHERS CHEMICALS, INC. v. UNITED STATES

Entry No. 9197.

(Decided June 8, 1965)

*Eugene R. Pickrell* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This case is before me on remand from classification proceedings decided by the third division of this court in *Philipp Brothers Chemicals, Inc.* v. *United States*, 51 Cust. Ct. 35, C.D. 2410. The conclusion reached therein was to the effect that, where the notice of appraisement required by section 501, Tariff Act of 1930, as amended, fails to specify a reason for the giving of such notice, it is defective and the appraisement completed upon such defective notice is invalid. The liquidation based upon the invalid appraisement was also held to be invalid. The judgment issued pursuant thereto remanded the case to a single judge in reappraisement to determine the proper dutiable value in the manner provided by law (28 U.S.C., sec. 2636(d)).

The matter has been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Plaintiff herein and the Assistant Attorney General for the United States, Defendant, subject to the approval of the Court, that:

1. The merchandise marked "A" and initialled CJA by Examiner C. J. Ahern on the invoice herein consists of Sodium Perborate, exported from West Germany on November 28, 1953, which was appraised on the basis of foreign value, as that value is defined in Section 402 (c) of the Tariff Act of 1930, as amended by Section 8 of the Customs Administrative Act of 1938.

2. It is claimed that there is no foreign value as defined, *supra*, for such or similar merchandise, and that the merchandise should have been appraised on the basis of export value, as defined in Section 402 (d) of the Tariff Act of 1930, as amended, *supra*.

3. The merchandise and issues are the same in all material respects as the merchandise and issues in *United States* v. *Philipp Brothers Chemicals, Inc.*, A.R.D. 134 (decided June 13, 1961), wherein it was held that no foreign value as defined in Section 402 (c), *supra*, existed for such or similar merchandise, and that the proper basis of appraisement was export value, as defined in Section 402 (d), *supra*.

4. The record in *United States* v. *Philipp Brothers Chemicals, Inc.*, A.R.D. 134, be incorporated in the record herein.

5. At the time of exportation of the merchandise marked "A" as aforesaid, the price at which such merchandise was freely offered for sale and sold to all purchasers in the principal market of West Germany, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost for all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was $25.13 per 100 kilos, less ocean freight and insurance.

6. This protest may be submitted on this stipulation.

On the agreed facts and following the cited decision on the law, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is export value, as defined in section 402 (d) of the Tariff Act of 1930, and that such statutory value is $25.13 per 100 kilos, less ocean freight and insurance.

Judgment will be rendered accordingly.