439 P.2d 709

**GROENDYKE TRANSPORT, INC., a corporation, Plaintiff-Appellee,**

v.

**NEW MEXICO STATE CORPORATION COMMISSION, Murray E. Morgan, Columbus Ferguson and Floyd Cross, Commissioners, Defendants-Appellants,**

**Steere Tank Lines, Inc. and E. B. Law & Son, Inc., Intervenors-Defendants-Appellants.**

**No. 8477.**

Supreme Court of New Mexico.

April 15, 1968.

OPINION

COMPTON, Justice.

This is an appeal from a judgment reversing an order of the State Corporation Commission.

In 1953, the commission issued a certificate of public convenience and necessity to Griffin Brothers, Inc., authorizing:

> "Transportation of sand, gravel, crushed rock, clay, fill dirt, pumice, cinder aggregate, ready mixed concrete, graphite, lime, stone, mortar, asphalt, fertilizer, and bulk water, *by means of dump truck only,* between all points and places in the State of New Mexico, over irregular routes under non-scheduled service." (Emphasis added.)

The certificate was transferred by order of the commission from Griffin Brothers, Inc. to Field Service, Inc. in 1963, but the restrictive language, "by means of dump truck only," was deleted. On March 11, 1965, by order of the commission the certificate was transferred to Groendyke Transport, Inc., the appellee; again the restrictive language was deleted.

On March 29, 1965, the intervenors-appellants, Steere Tank Lines, Inc., and others, filed a complaint before the commission seeking to have the certificate restored to its original form. At the hearing the commission found that the deletion was a clerical error and ordered that the certificate be issued in its original form. Groendyke Transport, Inc., appealed the order of the commission to the district court, where judgment was entered reversing the order.

The court found, finding No. 7, that the certificate had remained on the records of the commission for more than three years and that no appeal had been taken from either order as required by § 64–27–69, N. M.S.A.1953. The court then concluded that the orders of the commission had become final; that the commission was without jurisdiction to entertain intervenors-appellants' complaint questioning the validity of the orders. Judgment was entered accord-

Girand, Cowan & Reese, Hobbs, Stanley, Kegel & Campos, Santa Fe, for appellee.

Boston E. Witt, Atty. Gen., Myles E. Flint, James V. Noble, Asst. Attys. Gen., Santa Fe, for appellants.

Jones, Gallegos, Snead & Wertheim, Santa Fe, for intervenors-appellants.

ingly, and the intervenors-appellants and the commission appealed.

■ We think the court fell into error. It is clear that the alteration of the certificate by the commission in 1963 and 1965 was without compliance with Art. XI, § 8, New Mexico Constitution and the provisions of §§ 64–27–8 and 13, N.M.S.A.1953, in that no notice of hearing was given to interested parties. Such noncompliance by the commission renders the orders void and subject to collateral attack. State v. Mountain States Tel. & Tel. Co., 54 N.M. 315, 224 P. 2d 155; In re Atchison, T. & S. F. Ry. Co.'s Protest of Rates, 44 N.M. 608, 107 P.2d 123; Maxwell Land Grant Co. v. Jones, 28 N.M. 427, 213 P. 1034; Philipp Brothers Chemicals, Inc. v. United States, Cust.Ct., 222 F. Supp. 489; Elof Hansson, Inc. v. United States, Cust.Ct., 178 F.Supp. 922; Schmidt Pritchard & Co. v. United States, Cust.Ct., 167 F.Supp. 272; Cravey v. Southeastern Underwriters Association, 214 Ga. 450, 105 S.E.2d 497. See, also, Flavell v. Department of Welfare, 144 Colo. 203, 355 P.2d 941; Aylward v. State Board of Chiropractic Examiners, 31 Cal.2d 833, 192 P.2d 929.

The commission has constitutional authority to alter or amend its orders. Article XI, § 7, New Mexico Constitution. Section 64–27–6, N.M.S.A.1953, provides that the commission may "do all things necessary to carry out and enforce" the motor carrier act. Section 64–27–13, N.M.S.A. 1953, provides that the commission may alter or amend any certificate for good cause after proper notice and opportunity for a hearing. See Petroleum Club Inn Co. v. Franklin, 72 N.M. 347, 383 P.2d 824; Musslewhite v. State Corporation Commission, 61 N.M. 97, 295 P.2d 216. See, also, American Trucking Association v. Frisco Transportation Company, 358 U.S. 133, 79 S.Ct. 170, 3 L.Ed.2d 172.

The court further found:

* * * * * *

"8. That it is a matter of common knowledge that the commodities authorized by Certificate No. 1226, to-wit: ready mix concrete, mortar, asphalt, fertilizer (in liquid form), and bulk water cannot be transported by dump trucks within the territory authorized by Certificate No. 1226.

"9. That the restriction 'by means of dump truck only' would defeat the transportation of the commodities which the Commission had determined public convenience and necessity required within the territory the Commission had previously determined needed the service.

* * * * * *

"12. That the Order of the State Corporation Commission entered in Docket No. 3733 on December 14, 1965, is unlawful and unreasonable in that the requirement of limiting the means to be employed to transport the commodities authorized to be transported is in direct conflict and tends to defeat the carrier's ability to transport said commodities. By the inclusion of the restriction in the certificate, it obstructs the free flow of traffic as well as impairs the efficiency of the common carrier holding the certificate."

The court then concluded:

* * * * * *

"6. That the restriction 'by dump truck only' authorized by the Order to be inserted in Certificate No. 1226 is contrary to the mandate to the Commission set out in Section 64–27–8 in that this restriction could not in any way assist public convenience and necessity but on the contrary tends to obstruct the free flow of traffic and the efficiency of the carrier.

* * * * * *

"10. That the Order of the Commission entered in Docket No. 3733 is unlawful and unreasonable and should be set aside."

■ The appellants contend that the court exceeded its authority in making its findings of fact and conclusions of law. We think the contention is well founded. The scope of review of the district court on appeal is restricted to the record made before the commission. Based thereon the court is limited to a determination whether

the order of the commission is supported by substantial evidence; whether the administrative agency acted unlawfully, arbitrarily, or capriciously; and, generally, whether the administrative agency acted within the scope of its authority. S.I.C. Finance-Loans of Menaul, Inc. v. Upton, 75 N.M. 780, 411 P.2d 755; Llano, Inc. v. Southern Union Gas Company, 75 N.M. 7, 399 P.2d 646; Ferguson-Steere Motor Company v. State Corporation Commission, 63 N.M. 137, 314 P.2d 894; Yarbrough v. Montoya, 54 N.M. 91, 214 P.2d 769; Harris v. State Corporation Commission, 46 N.M. 352, 129 P.2d 323; Floeck v. Bureau of Revenue, 44 N.M. 194, 100 P.2d 225. This is not to say that the court cannot point out by findings its reason for concluding that an order of the commission is arbitrary, unlawful, or capricious. It may not, however, substitute its judgment for that of the administrative body. Llano, Inc. v. Southern Union Gas Company, supra; Ferguson-Steere Motor Company v. State Corporation Commission, supra; Transcontinental Bus System v. State Corporation Commission, 56 N.M. 158, 241 P.2d 829; Harris v. State Corporation Commission, supra.

The complaint brought before the commission by the intervenors-appellants merely alleged that the certificate was altered without a proper hearing; it did not go into the possible merit of such alteration had the proper procedure been followed. The parties stipulated that only certain portions of the transcript of the commission's hearing would be included in the record. From these few pages it appears that the reasonableness of the certificate as originally issued in 1953 was not an issue. The commission hearing did not delve into the merits of the certificate as originally drawn as did the court in its finding of fact No. 8. Finding of fact No. 8 might very well be true as seen through the eyes of many carriers, but the facts must be determined by the fact-finding agency, the commission, after each party has had an opportunity to present evidence to support its view. We think it is obvious that the court went out-side its scope of review in making its finding of fact No. 8.

The judgment must be reversed. The cause is remanded with directions to the court to affirm the order of the commission.

It is so ordered.

CHAVEZ, Jr., C. J., and MOISE, J., concur.