458 P.2d 584

**GROENDYKE TRANSPORT, INC., a corporation, Plaintiff-Appellant,**

v.

**NEW MEXICO STATE CORPORATION COMMISSION and Murray E. Morgan, Columbus Ferguson and Floyd Cross, Commissioners, Defendants-Appellees,**

**E. B. Law & Son, Inc., Intervening-Defendant-Appellee.**

**No. 8598.**

Supreme Court of New Mexico.

April 14, 1969.

Rehearing Denied Sept. 15, 1969.

**510**

Standley, Kegel & Campos, Santa Fe, Girand, Cowan & Reese, Hobbs, for appellant.

Jones, Gallegos, Snead & Wertheim, Santa Fe, for intervening appellee.

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., for appellees.

## OPINION

NOBLE, Chief Justice.

Groendyke Transport, Inc. (hereafter referred to as Groendyke) in 1965 filed a petition with the New Mexico State Corporation Commission (hereafter referred to as Commission), attacking an order of public necessity and convenience issued to a predecessor of E. B. Law & Son, Inc. (hereafter referred to as Law), December 14, 1950. The relief sought was denied by the Commission. Groendyke sought review in the district court and has appealed from that court's determination that the Commission's order was lawful and reasonable. This appeal turns on whether the Commission complied with the constitutional and statutory requirements of notice of hearing, prior to granting the order referred to above.

Law held certificate 895–1, which had been issued to its predecessor, authorizing the transportation of "gasoline, oil and water between points and places in New Mexico, except San Juan, Catron, Hidalgo and Union Counties." In 1950, Law sought an amendment to its certificate enlarging the territory within which it was permitted to operate, so as to permit transportation of "oil, gas and water," between all points and places in New Mexico. The pertinent part of the notice of hearing on the Law application, given by the Commission, was:

"Notice is hereby given that E. B. Law & Son, Inc. * * * applied * * for an extension to Certificate of Public Necessity and Convenience No. 895–1 (which authorizes the transportation of gasoline, oil, and water between points and places in New Mexico, except San Juan, Catron, Hidalgo and Union Counties) to operate a freight service as follows: Transportation of oil, gas and water between all points and places in the State of New Mexico, over irregular routes, under non-scheduled service."

Following a hearing on December 5, 1950, one commissioner signed an order authorizing "transportation of gas and oil, except crude oil, between all points and places in San Juan, Catron, Hidalgo and Union Counties, over irregular routes, under non-scheduled service." However, on December 14, 1950, two commissioners signed an order directing the issuance of a certificate of convenience and necessity, authorizing:

"Transportation of petroleum and petroleum products between all points and

places in New Mexico, and the transportation of water and crude oil between all points and places in the State of New Mexico except San Juan, Catron, Hidalgo and Union Counties, over irregular routes, under non-scheduled service."

It is clear that the notice of hearing on the Law application to amend its certificate did not give notice of an intention to consider extending the authorization to include transportation of all petroleum and petroleum products within the entire State of New Mexico. We are not impressed by the arugment that oil and petroleum may be synonymous. Petroleum consists of a number of oils of which gasoline is only one. Kings County Fire Ins. Co. v. Swigert, 11 Ill.App. 590 (1882). Thus, petroleum and petroleum products are much broader terms than gas or oil. See Order of the State Corporation Commission, defining petroleum and petroleum products, filed in the Supreme Court Library, May 11, 1959. The notice, limited to the application for transportation of oil, gas and water, did not give notice of an application to alter or amend the Law certificate to authorize transportation of petroleum and petroleum products, and, accordingly, is as though the hearing and resulting alteration of the certificate had been without the notice required by art. XI, § 8, New Mexico Constitution, and §§ 64–27–8, 64–27–13, N.M. S.A.1953. An interested party might have no objection to an amendment of the certificate which would merely permit transportation of gas, oil and water in the four additional counties, yet might very well want to oppose an amendment which would authorize transportation of all petroleum and petroleum products. We said, in Groendyke Transport, Inc. v. New Mexico State Corporation Comm., 79 N.M. 60, 439 P.2d 709, that such non-compliance with the constitutional and statutory provisions renders the orders void and subject to collateral attack. We likewise, said in that opinion that the Commission has constitutional authority to alter or amend its orders providing proper notice and an opportunity for a hearing thereon is given. See

also Petroleum Club Inn Co. v. Franklin, 72 N.M. 347, 383 P.2d 824; Musslewhite v. State Corp. Comm., 61 N.M. 97, 295 P.2d 216; American Trucking Ass'ns v. Frisco Transp. Co., 358 U.S. 133, 79 S.Ct. 170, 3 L.Ed.2d 172. We find nothing contrary in State ex rel. State Corp. Comm. v. Zinn, 72 N.M. 29, 380 P.2d 182; nor in Chicago, St. P., M. & O. Ry. v. United States, 322 U.S. 1, 64 S.Ct. 842, 88 L.Ed. 1093; nor in A. B. & C. Motor Transp. Co. v. United States, 151 F.Supp. 367 (Mass.1956), relied upon by Law. Groendyke Transport, Inc. v. New Mexico State Corp. Comm., supra, is controlling and requires reversal of the judgment of the district court.

Other questions argued or briefed have either been disposed of by what has been said, are found to be without merit or are unnecessary to decide on this appeal. It follows from what has been said that the judgment of the district court appealed from must be reversed and the cause remanded with direction to the district court to remand the case to the State Corporation Commission with direction to overrule the motion to dismiss, and to proceed further in a manner not inconsistent with this opinion.

It is so ordered.

MOISE and CARMODY, JJ., concur.