514 P.2d 50

**GROENDYKE TRANSPORT, INC., a corporation, Plaintiff-Appellant,**

v.

**NEW MEXICO STATE CORPORATION COMMISSION, Columbus Ferguson, Chairman, Floyd Cross and John Abraham, Commissioners, Defendants-Appellees,**

v.

**STEERE TANK LINES, INC., Intervenor-Appellee.**

**No. 9636.**

Supreme Court of New Mexico.

Sept. 7, 1973.

Girand & Richards, W. D. Girand, Hobbs, for plaintiff-appellant.

Jack Smith, Edwin E. Piper, Jr., Albuquerque, for intervenor-appellee.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for defendants-appellees.

## OPINION

OMAN, Justice.

Plaintiff, Groendyke Transport, Inc., hereinafter called Groendyke, appeals from

a judgment of the district court affirming an order of the New Mexico State Corporation Commission, hereinafter called the Commission. By this order, entered on March 4, 1971, the Commission dismissed Groendyke's complaint filed with the Commission on February 6, 1970, by which it sought to have the Commission declare as invalid the Commission's certificate of public convenience and necessity No. 953–1, hereinafter referred to as the certificate. This certificate is now held by defendant in intervention, Steere Tank Lines, Inc., hereinafter called Steere.

Groendyke's position before the Commission, the district court and this court on this appeal was and is that the certificate is null and void because notice of the hearing on the application for the certificate, conducted by the Commission on December 5, 1950 failed to comply with the requirements of Art. XI, § 8 of the Constitution of New Mexico and §§ 64–27–8 and 17, N. M.S.A.1953 (2nd Repl.Vol. 9, pt. 2, 1972). We disagree and affirm the judgment of the district court.

Briefly the pertinent facts are:

(1) On October 26, 1950, Steere's predecessor filed application for the certificate. On October 27, 1950, the Commission mailed to the applicant a notice with a request that this notice be published in some newspaper one time, not less than five days before the hearing date. This notice recited that the Commission had set November 17, 1950 as the date for the public hearing to be held on the application.

(2) On November 13, 1950, the Commission gave notice by telegram and letter to the applicant that the setting on November 17 had been vacated, that the hearing would be conducted on December 5, and that: "All interested parties are being notified of this postponement." Notice of the hearing on December 5 was mailed by the Commission to a number of common carriers operating in the area proposed to be served by the applicant, as well as to other interested parties. One of the common carriers so notified was Groendyke's

predecessor, who appeared at the hearing on December 5, along with many others, and participated in the proceedings.

(3) The notice of hearing, which the Commission had requested be published in some newspaper, was published in a newspaper on November 21, 1950, but the date of hearing as shown therein was not changed from November 17 to December 5.

(4) The Commission entered its order effective December 13, 1950, by which it granted the application for the certificate. It was this order which Groendyke attacked in its complaint filed with the Commission on February 6, 1970.

(5) Upon the entry of the Commission's order of March 4, 1971, dismissing its complaint, Groendyke filed suit in the district court pursuant to § 64–27–68, N.M.S.A. 1953 (2nd Repl.Vol. 9, pt. 2, 1972), whereby it sought to have this March 4 order of the Commission vacated and set aside. The district court entered judgment affirming the Commission's order of March 4, and Groendyke has taken this appeal from that judgment.

Groendyke predicates its position solely upon the fact that the notice published in a newspaper on November 21, 1950 erroneously recited that the hearing would be conducted on November 17, 1950, rather than on the rescheduled date of December 5, 1950. It relies primarily for support of its position upon the above stated sections of our constitution and statutes and the opinions of this court in Groendyke Transp., Inc. v. New Mexico St. Corp. Com'n, 80 N.M. 509, 458 P.2d 584 (1969) and Groendyke Transp., Inc. v. New Mexico St. Corp. Com'n, 79 N.M. 60, 439 P.2d 709 (1968).

The relevant portions of our constitutional and statutory provisions are:

"The commission [State Corporation Commission] shall determine no question nor issue any order in relation to the matters specified in the preceding section, until after a public hearing held upon ten [10] days' notice to the parties

concerned, except in case of default after such notice. * * * "

N.M.Constitution, Art. XI, § 8.

" * * *. The commission, upon the filing of an application for such certificate, shall fix a time and place for hearing thereon, which shall be not less than ten (10) days after such filing. The commission shall cause notice of such hearing to be served at least five (5) days before the hearing upon any officer or owner of every common carrier that is operating, or has applied for a certificate to operate, in the territory proposed to be served by the applicant, and on other interested parties as determined by the commission, * * *."

Section 64–27–8, supra. Section 64–27–17, supra, contains a substantially identical provision.

It is apparent, and Groendyke concedes, that neither the constitution nor the statutes require notice by newspaper publication. The requirements are that notice be given to or served upon "the parties concerned," which, under the statutes, consists of "every common carrier that is operating or has applied for a certificate to operate in the territory proposed to be served by the applicant, and on other interested parties as determined by the commission."

However, Groendyke contends that: "Although not yet codified, in December of 1950 when the application of Steere Tank Lines, Inc. was first proposed before the Commission, the Commission had already adopted a firm and standard practice of requiring all carrier applicants to publish notice of the time and place of the hearing on their applications * * * in a newspaper of general circulation in the counties in which they proposed to start operations."

The record before us fails to support this contention. In fact it affirmatively appears from the record that the rules and regulations of the Commission which were effective in 1950 had been adopted July 1, 1949, and did not provide for publication of notice in a newspaper. The first rule of the Commission to require such publication was adopted in 1956.

As indicated above, notice of the hearing was given by letter to the parties concerned, to wit, common carriers operating in the territory proposed to be served by the applicant (including Groendyke's predecessor) and other interested parties as determined by the Commission. It is true the record before us does not reflect that "every common carrier" then operating, or which had applied for a certificate to operate, in the territory proposed to be served by the applicant was served with notice by letter, but neither does it reflect that they were not so served. Groendyke offered no evidence to show that any common carrier then operating, or which had applied for a certificate to operate in the territory, or any other interested party, was not given notice of the hearing by letter.

Insofar as notice of hearing is concerned, we held in Groendyke Transp., Inc. v. New Mexico St. Corp. Com'n, 79 N.M. 60, 439 P.2d 709, supra, that a failure to give *any* notice to interested parties renders an order of the Commission void and subject to collateral attack. In the case now before us, notice was given to interested parties by letter, and there is no evidence to show that any interested party failed to receive notice. We do not in any way base our decision upon an absence of right in Groendyke to collaterally attack the order of December 13, 1950.

The question as to notice of hearing with which we were concerned in Groendyke Transp., Inc. v. New Mexico St. Corp. Com'n, 80 N.M. 509, 458 P.2d 584, supra, was that of inadequacy of content of the notice to support the order entered by the Commission. No such question is before us in the present case. We do not base our decision upon the notice published in the newspaper. The defect in the content of the present notice was the mistake as to the date of hearing. This is entirely different from the defect of content in the notice in the earlier case.

The question now before us is simply whether Groendyke established by its evidence that notice, as required by our constitutional and statutory provisions above quoted, was not given to concerned or interested parties. It is obvious that many, if not all such parties, were given notice. The burden was on Groendyke, who was alleging the invalidity of the notice, to at least show that some concerned or interested party or parties had not received the notice. This it failed to do.

As to the adequacy of notice by mail of an administrative hearing, when no prescribed manner of giving notice has been established by law, or by rules adopted pursuant to law, the Minnesota Supreme Court stated:

"We believe that the service upon relator was sufficient. The labor conciliator is authorized by law to adopt rules regulating the conduct of hearings. M. S.A. § 179.05. Such rules have been adopted and are on file pursuant to law. The rules so adopted do not prescribe any particular manner of service of notice, but simply provide for notice of the hearing. Neither is there any provision in the law prescribing any method of service of a notice of such hearing. It is apparent that the notice mailed by the conciliator actually came into the possession of relator. Where actual notice is received by mail, it is equivalent to personal service. In re Estate of Nelson, 180 Minn. 570, 231 N.W. 218; In re Estate of Devenney, 192 Minn. 265, 256 N. W. 104. In the absence of proof to the contrary, it is presumed that mail properly addressed and posted, with postage prepaid, is duly received by the addressee. Melby v. D. M. Osborne & Co., 33 Minn. 492, 24 N.W. 253; In re Estate of Devenney, supra. * * *"

Nemo v. Local Joint Executive Board, Etc., 227 Minn. 263, 35 N.W.2d 337, 339 (1948). See also the following as to the adequacy of notice by mail: National La-

bor Relations Board v. Wiltse, 188 F.2d 917, 926 (6th Cir. 1951); Elk River Coal & Lbr. Co. v. Funk, 222 Iowa 1222, 271 N.W. 204 (1937); Borgnis v. Falk Co., 147 Wis. 327, 133 N.W. 209 (1911); 2 Am. Jur.2d, Administrative Law § 361 at 174 (1962).

The inclusion in the notice published in the newspaper of the wrong date set for the hearing is of no consequence here. It is apparent that the following quoted findings made by the district court, which are attacked by Groendyke, are supported by the record, and they in turn support the judgment of the court affirming the order of the Commission.

"7. That as appears from the record of said proceedings before the Commission, plaintiff failed to prove that the hearing on the subject application had not been preceded by notice as required by the Constitution or Laws of New Mexico.

"8. That the record of the proceedings before the Commission affirmatively reflects that there was prior, sufficient notice of the aforesaid hearing by mailing thereof [to] interested parties, and, in addition, a publication correct in material particulars except [for] the date of the hearing.

"9. That there is substantial and competent evidence of record to support the said Order of the State Corporation Commission of New Mexico dated March 4, 1971.

"10. That the said Order of the State Corporation Commission of New Mexico dated March 4, 1971, is in all respects reasonable and proper and is not in any way arbitrary, capricious or unlawful."

The judgment of the trial court affirming the order of the Commission should be affirmed.

It is so ordered.

McMANUS, C. J., and MONTOYA, J., concur.