516 P.2d 689

**GROENDYKE TRANSPORT, INC., a corporation, Plaintiff-Appellant,**

v.

**NEW MEXICO STATE CORPORATION COMMISSION, Columbus Ferguson, Chairman, Floyd Cross and John Abraham, Commissioners, Defendants-Appellees,**

v.

**E. B. Law & Son, Inc., Defendant-in-Intervention-Appellee.**

No. 9637.

Supreme Court of New Mexico.

Nov. 9, 1973.

Rehearing Denied Dec. 13, 1973.

Girand & Richards, W. D. Girand, Hobbs, for plaintiff-appellant.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for State Corp. Comm.

Jones, Gallegos, Snead & Wertheim, J. E. Gallegos, Santa Fe, for E. B. Law & Son.

## OPINION

MONTOYA, Justice.

Appellant Groendyke Transport, Inc. (Groendyke) in 1965 filed a petition with appellee New Mexico State Corporation Commission (Commission) attacking the validity and issuance of Certificate of Public Convenience and Necessity No. 895–1 held by intervenor-appellee E. B. Law & Son, Inc. (Law), which was issued after a hearing held by the Commission on December 14, 1950.

Groendyke's complaint, that there was insufficient notice for the granting of such authority, was dismissed on a motion filed in behalf of Law by the Commission, which action was, upon appeal, affirmed by the District Court of Santa Fe County on March 29, 1966. Upon appeal to this court, we reversed and remanded the case back to the district court with direction to remand back to the Commission, overruling the motion to dismiss. Groendyke Transp., Inc. v. New Mexico St. Corp. Com'n, 80 N.M. 509, 458 P.2d 584 (1969). Thereafter, the Commission held hearings and, on September 10, 1970, again dismissed Groendyke's complaint and, again upon appeal, the District Court of Santa Fe County affirmed the Commission's dismissal. This appeal followed.

Groendyke contends on appeal:

(1) The order of the Commission dated March 29, 1966, is unlawful, unreasonable arbitrary and capricious, and the certificate in the form which it is now held by Law is void for the reason that it was issued without notice or hearing.

(2) Law is legally bound by the stipulation which it entered into on December 5, 1950, that crude oil would be excluded from its application.

(3) The September 10, 1970, order dismissing Groendyke's complaint was erroneous in holding that the doctrine of laches was applicable and that Groendyke lacked standing to litigate this cause.

On November 2, 1950, Law filed an application with the Commission seeking authority to act as a common carrier as follows:

"That applicant requests permission to establish service for the transportation of *Oil, gas and water* service between All points and places within the State of New Mexico and as an extension to Certificate #895–1 over irregular routes,

non-scheduled service using the following described motor vehicles and other physical property: * * *." (Emphasis added.)

Subsequently, the Commission issued public notice for a hearing to be held November 17, 1950, on the Law application, which reads as follows:

"NOTICE IS HEREBY GIVEN THAT E. B. Law & Son, Inc., 848 North Seventh Street, Las Cruces, New Mexico has applied to the State Corporation Commission of New Mexico for an extension to Certificate of Public Convenience and Necessity No. 895-1 (which authorizes the transportation of *gasoline, oil and water* between points and places in New Mexico, except in San Juan, Catron, Hidalgo, and Union Counties) to operate a freight service as follows: Transportation of *oil, gas and water* between all points and places within the State of New Mexico, over irregular routes, under non-scheduled service. * * *" (Emphasis added.)

At the time of the Law application, there was no other motor common carrier authorized to transport, on a statewide basis, the commodities produced from petroleum. Law and his main competitor, Ferguson-Steere Motor Co., joined in applying for statewide authority. However, Ferguson-Steere's existing certificate used the commodity description "petroleum and petroleum products" and its application used that wording.

After Law and Ferguson-Steere filed, two other tank truck operators also applied.' They both used wording similar to the Ferguson-Steere application. Thus, there developed the situation of four-tank-truck carriers asking for the same geographical authority and all applications being set for hearing at the same time and place. Notice was then given for the hearing to be held November 17, 1950, which setting was actually postponed to December 5, 1950, at the same time and place set for the November 17th hearing. Notification was sent to all interested parties.

Thereafter, on December 14, 1950, the Commission authorized the issuance of a new certificate of public convenience and necessity to Law, authorizing the following:

"Transportation of *petroleum and petroleum products* between all points and places in New Mexico, and the transportation of water and *crude oil* between all points and places in the State of New Mexico except San Juan, Catron, Hidalgo and Union Counties, over irregular routes, under *non-scheduled service*. (Intrastate)" (Emphasis added.)

In his first point Groendyke relies upon the language of Groendyke Transp., Inc. v. New Mexico St. Corp. Com'n, supra, where we stated (80 N.M. at 511, 458 P.2d at 586):

"It is clear that the notice of hearing on the Law application to amend its certificate did not give notice of an intention to consider extending the authorization to include transportation of all petroleum and petroleum products within the entire State of New Mexico. * * *"

Groendyke, in its brief in chief, states:

"The above finding of the Supreme Court as regards the lack of notice in this case, caused the court to reverse the September 1, 1967 order of the District Court of Santa Fe County, dismissing appellant's complaint against E. B. Law and Son, Inc. with direction to the District Court to remand the case to the State Corporation Commission with direction to overrule the motion to dismiss,

"and to proceed further in a manner not inconsistent with this [the Supreme Court] opinion." [Bracketed material supplied.] (Groendyke Transport, Inc. v. State Corporation Commission, 80 N.M. 509, 458 P.2d 584, supra.)

"Appellant therefore submits that the very questions of law regarding notice which are the crux of this appeal have already been decided by this very court."

In the Groendyke case, supra, we were concerned with the affirming by the district court of the order by the Commission granting a motion to dismiss on the pleadings before the Commission. The order of March 29, 1966, stated that "The Complaint fails to state grounds upon which relief may be granted * * *." That order was based only on the alleged facts contained in Groendyke's complaint. The applicable rule and, therefore, the rule presumably followed by the Commission and the reviewing courts, is to accept for purposes of the motion to dismiss as true all facts well pleaded and question only whether Groendyke might prevail under any state of facts provable under the claim. Jones v. International Union of Operating Engineers, 72 N.M. 322, 383 P. 2d 571 (1963), and Jernigan v. New Amsterdam Casualty Company, 69 N.M. 336, 367 P.2d 519 (1961), cited with approval in Hall v. Budagher, 76 N.M. 591, 417 P.2d 71 (1966). On that basis we held that a claim for relief was stated and said (80 N.M. at 511, 458 P.2d at 586),

"* * *. [T]hat the judgment of the district court appealed from must be reversed and the cause remanded with direction to the district court to remand the case to the State Corporation Commission with direction to overrule the motion to dismiss, * * *."

In other words, the effect of our order was to reverse and remand to the Commission for a hearing on the merits.

The question with which we were concerned on the first appeal in Groendyke (80 N.M. 509, 458 P.2d 584), was that of the inadequacy of the content of the notice to support the order finally entered by the Commission. That question was resolved by this court on the basis of the pleadings only before the Commission. We do not feel that it was necessary or proper under the narrow issue presented on that first appeal to discuss the distinction between the transportation of gas and oil and the transportation of petroleum and petroleum products. All we were concerned with was whether the allegations made by Groendyke before the Commission relating to notice, which had been attacked by a motion to dismiss submitted by Law, stated a provable claim under the facts admitted by the motion to dismiss. Thus, the following language in that opinion (80 N.M. at 511, 458 P.2d at 586),

"* * *. We are not impressed by the arugment [sic] that oil and petroleum may be synonymous. Petroleum consists of a number of oils of which gasoline is only one. Kings County Fire Ins. Co. v. Swigert, 11 Ill.App. 590 (1882). Thus, petroleum and petroleum products are much broader terms than gas or oil. See Order of the State Corporation Commission, defining petroleum and petroleum products, filed in the Supreme Court Library, May 11, 1959. The notice, limited to the application for transportation of oil, gas and water, did not give notice of an application to alter or amend the Law certificate to authorize transportation of petroleum and petroleum products, and, accordingly, is as though the hearing and resulting alteration of the certificate had been without the notice required by art. XI, § 8, New Mexico Constitution, and §§ 64–27–8, 64–27–13, N.M.S.A., 1953. An interested party might have no objection to an amendment of the certificate which would merely permit transportation of gas, oil and water in the four additional counties, yet might very well want to oppose an amendment which would authorize transportation of all petroleum and petroleum products. * * *"

being dicta, is not controlling in a resolution of the issues now present in this case after a hearing of the cause on the merits before the Commission. It is to be further noted that, in support of the above quoted language, we referred to an order of the Commission dated May 11, 1959, and the application, notice and hearing which is the subject of this appeal occurred in 1950. On appeal from the Commission's order, the trial court was limited to a determination of the single issue of whether the

Commission's order was lawful and reasonable, i. e., whether the Commission's order was supported by substantial evidence. Western Oil Transportation Co. v. State Corp. Com'n, 67 N.M. 380, 355 P.2d 923 (1960); Transcontinental Bus System v. State Corp. Com'n, 67 N.M. 56, 352 P.2d 245 (1959). The issue on appeal here is the same as in the trial court, viz., whether the evidence before the Commission, and upon which its order was based, is substantial in character. Id.

"Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion [.] * * *"

Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 89, 428 P.2d 625, 628 (1967).

"* * *. Upon appeal all disputed facts are resolved in favor of the successful party, all reasonable inferences indulged in support of the court or commission below, all evidence and inferences to the contrary disregarded and the evidence viewed in the aspect most favorable to the action of the court or commission which is being appealed. [Citations omitted.]"

Rinker v. State Corporation Commission, 84 N.M. 626, 627, 506 P.2d 783, 784 (1973), citing with approval from Tapia v. Panhandle Steel Erectors Company, supra.

■ The record in the instant case discloses that interested parties who had an objection to the application did appear and participated in all the cases, except that Law and Ferguson-Steere, by agreement, did not protest each other. The same parties who were alerted to and cared to protest the application, using the words "petroleum and petroleum products," protested the Law application, using the words "gas, oil and water." There was also testimony to support the following findings of the Commission dated September 10, 1970:

"6. THAT the four applications heard December 5, 1950, involved the same supporting shipper witnesses, testifying about transportation of the same commodities, originating at the same petroleum refineries. The parties and the Commission treated LAW'S application to transport 'oil, gas and water' as equivalent to the other carriers applications' [sic] for 'petroleum and petroleum products.'

"7. THAT as the terms were commonly understood in 1950 'gas' or 'gasoline' was a specific volatile engine fuel. 'Oil' was a broad, generic term embracing petroleum and the products of it resulting from the refining process, thus 'petroleum and petroleum and products [sic].'

"8. THAT the issuance of the December 14, 1950, order by the Commission directing that the LAW certificate be reissued in terms of petroleum and petroleum products was consistent with it's [sic] policy of clarifying and standardizing certificate language. It reflected the evolution of motor carrier descriptions which was occurring at that time. There are other similar cases in the Commission files.

"9. THAT the order of December 14, 1950, did not bestow upon LAW authorization to transport commodities to a larger extent than if the words had been those utilized in the applications. It did make the certificate of LAW conform to the terms used in certificates of motor carriers conducting tank truck operation of the same nature on the same commodities."

Judged by the foregoing standards, we hold that the findings of the Commission are supported by substantial evidence. See also Tome Land & Improvement Co. v. Silva, 83 N.M. 549, 494 P.2d 962 (1972); McCauley v. Ray, 80 N.M. 171, 453 P.2d 192 (1968).

■ The second point alleged by Groendyke is that Law is bound by the stipulation entered into on December 5, 1950, whereby Law specifically agreed that

crude oil would be excluded from its application. This issue was not raised in the district court. It is fundamental that matters not brought into issue by the pleadings and upon which no decision of the trial court was sought, or fairly invoked, cannot be raised on appeal. McNabb v. Warren, 83 N.M. 247, 490 P.2d 964 (1971); Supreme Court Rule 20(1), (2), (§ 21-2-1(20)(1), (2), N.M.S.A., 1953 Comp., Repl. Vol. 4, 1970).

In view of the foregoing, it is deemed unnecessary to rule on Groendyke's third point.

The decision of the district court, affirming the Commission's September 10, 1970, dismissal of Groendyke's complaint, is affirmed.

It is so ordered.

OMAN and MARTINEZ, JJ., concur.