FENSTERER & VOSS (INC.) *v.* UNITED STATES (No. 2317).[1]

1. CONSTRUCTION, PARAGRAPH 218, TARIFF ACT OF 1922—"PARTLY BLOWN" GLASS.

By the provision of paragraph 218, tariff act of 1922, for "all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise," it was the intention of Congress to classify all articles not specifically provided for elsewhere, the chief value of which was gláss, if any part of the glass was blown, the phrase "partly blown" referring to the article itself, and not to the method of its manufacture.

2. GLASS BLOWN AND MOLDED.

Plain glass stemware with blown bowls and molded feet, chief value molded, substantially identical with that in United States *v.* Fondeville & Von Iderstine (7 Ct. Cust. Appls. 135; T. D. 36457), is classifiable as glass "partly blown" under paragraph 218, tariff act of 1922, rather than as miscellaneous glass manufactures under paragraph 230.

United States Court of Customs Appeals, February 9, 1924.

APPEAL from Board of United States General Appraisers, G. A. 8669 (T. D. 39734).

[Affirmed.]

*Comstock & Washburn* (*George J. Puckhafer* and *Henry J. Rode* of counsel) for appellant.
*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence*, special attorney, of counsel), for the United States.

[Oral argument December 13, 1923, by Mr. Puckhafer and Mr. Lawrence.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges; HATFIELD, Associate Judge, participating in the decision by agreement of counsel.

BLAND, Judge, delivered the opinion of the court:

It is stipulated in this case that the merchandise consists of "goblets and other plain glass stemware, composed of blown bowls with molded stems and feet, molded glass the component material of chief value."

A further stipulation provides that the merchandise is in all material respects similar to that which was passed upon by this court in United States *v.* Fondeville (7 Ct. Cust. Appls. 135; T. D. 36457).

The goods were assessed with duty at the rate of 55 per cent ad valorem under paragraph 218 of the tariff act of 1922. The parts of said paragraph pertinent to this case are as follows:

* * * and all articles of *every description* not specially provided for, composed wholly or in chief value *of glass* or paste, or combinations of glass and paste, blown or partly blown *in the mold or otherwise*, * * * 55 per centum ad valorem; * * *. [Italics ours.]

[1] T. D. 40029,

72052—25†—VOL 12——8

The Board of General Appraisers sustained the decision of the collector classifying the merchandise under this clause, and appellant appeals to this court and contends that the merchandise is properly dutiable at 50 per cent ad valorem under the catch-all provision of paragraph 230 of said act, which is in part as follows:

* * * and all glass or manufactures of glass or paste, or of which glass or paste is the component material of chief value, not specially provided for, 50 per centum ad valorem.

The importer contends that the case of United States v. Fondeville, supra, requires that the merchandise be classified under the latter paragraph. In the Fondeville case, the importation was in part under the law of 1909 and in part under the law of 1913. The pertinent provisions of the act of 1909 (pars. 98 and 109) were regarded as similar to the pertinent provisions of the act of 1913 (pars. 84 and 95), and are as follows:

98. (1909) * * * all articles of every description, including bottles and bottle glassware, composed wholly or in chief value of glass blown either in a mold or otherwise; * * *

109. (1909) * * * and all glass or manufactures of glass or paste or of which glass or paste is the component material of chief value, not specially provided for in this section, forty-five per centum ad valorem.

84. (1913) * * * all articles of every description, including bottles and bottle glassware, composed wholly or in chief value of glass blown either in a mold or otherwise; * * *

95. (1913) * * * and all glass or manufactures of glass or paste or of which glass or paste is the component material of chief value, not specially provided for in this section, 30 per centum ad valorem.

The court in the Fondeville case, supra, held that the merchandise was not composed wholly or in chief value of blown glass, and therefore was not dutiable under the provision concerning articles composed "wholly or in chief value of glass, blown either in the mold or otherwise," but that it fell under paragraph 109 of the act of 1909, and under paragraph 95 of the act of 1913, as a manufacture of glass or of which glass is the component material of chief value.

The only material change in the two corresponding paragraphs of the act of 1922 from the previous enactments is in paragraph 218, where the words "or partly blown" are added.

The importer contends that there is such a thing known in commerce as a single glass product which is made by a combination of blowing and some other process, and that Congress here meant to say that for the importation to fall under paragraph 218 the component material of chief value must be in blown glass, or in chief value of a glass which is made by the combination process, and cites as an illustration gauge glasses which were under consideration by the Board of General Appraisers in G. A. 5364 (T. D. 24534). The

board there found that the gauges were made by the combination process of blowing and pulling. It will be observed, however, that regardless of the process used in making the gauges, the board held that since they were in *part blown* they would be regarded as *blown glassware*. Since their holding was not questioned, it is fair to presume that it has been accepted as the correct construction.

We can not agree with the importer's contention in this case. To do so would be to render the words "partly blown" meaningless, since *partly blown*, when used in the only sense pointed out by the importer, has been construed to mean nothing more than *blown*. It was argued by the importer before this court that to give the words "partly blown" any other construction than that for which they contended, would be to eliminate the words "in chief value of." This position is not sound for the reason that whether the glass in the article is blown or whether only a part of the glass in the article is blown, Congress must have meant that the article as a whole, whether composed of wood, leather, or other material, and glass, must be in chief value of glass, and that if it was in chief value of blown glass, it would fall within paragraph 218; and if it was in chief value of glass a part of which was blown it would also fall under paragraph 218. Congress did not intend by the words "partly blown" to refer to a process in which the product or a part of it was made by a combination of efforts known to the glass trade, but it did mean by the words "partly blown" to refer to one of the parts of the component material, glass. It is fair to assume that Congress in enacting paragraph 218 of the act of 1922 desired to change the wording of the section in view of the fact that it had been construed that before the product of the glass-blower's pipe should receive the higher rate of duty, a showing was required that the blown glass portion of the article must be in chief value. They evidently intended that if the article was in chief value of glass, and any part of it was blown, that it should have the higher rate of duty. It must be conceded that they could have framed the paragraph in language that would have expressed this view more clearly, but the courts must not impute to a legislative body the doing of a useless and vain thing unless the written words will not permit of a construction which will give them a different effect. We think it not inconsistent with the ordinary meaning of the words used to hold that Congress meant to include in paragraph 218 all articles not specifically provided for elsewhere the chief value of which was glass, if any part of the glass was blown.

The judgment of the Board of General Appraisers is *affirmed*.