BEFORE THE SECOND DIVISION, JULY 27, 1961

**No. 65946.**—Hoyt, Shepston & Sciaroni *v.* United States, protest 59/5321 (Los Angeles).

RAO, Judge:   This is a motion to dismiss as untimely and premature plaintiff's protest against the collector's alleged classification of a mail shipment of artificial teeth, within the provisions of paragraph 397 of the Tariff Act of 1930, as articles or wares, plated with gold, and the alleged assessment thereon of duty at the rate of 65 per centum ad valorem.

Evidence taken in connection with the motion reveals that, at about the time the merchandise was delivered to plaintiff, the nominal consignee, estimated duties at the rate of 65 per centum ad valorem were paid, and a receipt therefor was issued by the mail clerk.   A photostat of the face side of the receipt given to the payer was admitted into evidence as plaintiff's exhibit 1.   It is dated April 30, 1958, and, in addition to a description of the merchandise, its value, and the rate and amount of duties charged and paid, the receipt contains the notation, "Withhold Liquidation.   M. R."

Counsel stipulated that the following statement appears on the reverse side of plaintiff's exhibit 1:

Notice:   Liquidation of amount of duties and taxes, if any, due on this entry is effective on date of payment of this amount.   For importer's right to protest

or Government's right to redetermine this amount, see Section 514, T.A. 1930, and Section 1612, Customs Regulations.

Robert E. Blinn, an employee of plaintiff, a customhouse brokerage firm, testified that he personally has been a licensed customhouse broker since 1930, and it was he who received the informal mail entry and the merchandise. They were presented to him in his office in San Francisco. About that time, he prepared a protest and mailed it to the collector of customs at Los Angeles. In response thereto, the collector advised his office by letter, dated May 22, 1958, plaintiff's exhibit 2, that its protest had been reviewed and that the assessment of duty at the rate of 65 per centum under paragraph 397 was predicated upon the appraiser's description of the merchandise as porcelain jackets over gold-plated metal pins and the belief that the metal portion was the component material of chief value. The plaintiff was given the opportunity to furnish a cost-of-production statement showing relative values, if it disagreed with that finding. The letter did not suggest nor was plaintiff otherwise advised by the collector that the protest was premature.

The witness further testified that he did not think the words "Withhold Liquidation" were on the informal entry when it was presented to him in San Francisco. He could not recall exactly when he paid the duties demanded, but stated that the check was drawn at the time the package was presented and that payment was made before he prepared the protest.

The official papers, consisting of the original mail entry, bearing number 238881, and customs Form 4371, "Memorandum to accompany invoice," were also moved into evidence. The former is stamped with the date May 2, 1958, which date, the parties agree, was the date of payment.

In opposition to the motion to dismiss, counsel for plaintiff relies upon an alleged equitable estoppel, predicated upon the fact that plaintiff was led to believe, by the contents of the collector's letter, plaintiff's exhibit 2, that the protest was filed after liquidation and, so believing to its detriment, took no further steps to ascertain any other liquidation date. It is also argued that the notation to withhold liquidation appears to have been added at some time after payment of the duties collected.

Counsel for defendant urges, in support of the motion, that the withhold liquidation notation on the mail entry operated to defer the date of liquidation to a time subsequent to the payment of duties, by virtue of the provisions of section 16.12(b) of the Customs Regulations, which read as follows:

(b) Except as otherwise provided in this paragraph, the effective date of liquidation of informal, mail, and baggage entries shall be:

(1) The date of payment by the importer of duties and any internal-revenue taxes thereon;

(2) The date of release by customs or the postmaster when the articles are released under such an entry free of duty and tax;

(3) The date a free entry is accepted for articles released under an immediate delivery permit under section 8.59 of these regulations.

When the proper rate or amount of duty cannot be determined at the time of entry because the articles are subject to a tariff rate quota, because of a missing document which, if for free entry, is not produced prior to the release of the articles to the importer, or because of any other reason, the printed notice of liquidation appearing on the receipt issued for any money collected on such entry shall be voided. When the tariff status of the articles either as dutiable or free is finally ascertained it shall be noted on the entry. The effective date of liquidation shall be the date of posting or lodging of the notice of liquidation as required in paragraph (c).

Insofar as the disputed notation is concerned, the issue must be resolved against the contention that it was added after the entry was presented to plaintiff for payment. According to the instructions printed on the reverse side of the original entry, the postmaster is required, before delivering the merchandise, to "collect the total amount assessed, sign and deliver the receipt to the addressee, secure his signature to this entry, and return the entry with the collection * * * to the Collector of Customs who issued the entry." Plaintiff's exhibit 1 is the receipt to the addressee which was given to plaintiff at the time of payment. This duplicate, which presumptively was retained by plaintiff, and produced at the trial, contains the statement in question. If these words were not noted when plaintiff received its copy, it is difficult to see how they could thereafter have been inserted on a paper no longer in possession of the collector. Regardless of the doubts of the witness in the matter, it seems clear that the direction to withhold liquidation appeared on the entry when the duplicate was presented to the plaintiff.

These words sufficed to modify the effect of the notice, hereinabove quoted, that liquidation occurred on the date of payment of the amount of duties demanded. Plaintiff's employee, who handled this transaction, was no novice in customs procedures. He was a licensed custom's broker with nearly 30 years of experience, who asserted a familiarity "to a certain degree" with the method of liquidating informal mail entries. He is chargeable with knowledge that, pursuant to section 16.12(b) of the Customs Regulations, *supra*, this entry was not liquidated when the duties were paid.

Under the provisions of section 498 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1953, the Secretary of the Treasury is specifically authorized to prescribe rules and regulations for the declaration and entry of merchandise imported in the mails, not exceeding in value an amount to be specified by him, not greater than $250. His regulations implementing that authority, if reasonable, have the force and effect of law. *United States* v. *Morris European & American Express Co.*, 3 Ct. Cust. Appls. 146, T.D. 32386; *MacNichol Packing Co.* v. *United States*, 14 Ct. Cust. Appls. 400, T.D. 42050; *Maple Leaf Petroleum, Ltd.* v. *United States*, 25 C.C.P.A. (Customs) 5, T.D. 48976; *United States* v. *Browne Vintners Co., Inc.*, 34 C.C.P.A. (Customs) 112, C.A.D. 351; *United States* v. *Washington State Liquor Control Board*, 34 C.C.P.A. (Customs) 118, C.A.D. 352. Consequently, no act of the collector purportedly in derogation of the legal procedures prescribed by the regulations may vary their terms or operative effect, nor may the doctrine of equitable estoppel enlarge their scope. The Secretary of the Treasury has declared, in section 16.12(b), *supra*, which is not claimed to be unreasonable, that when the tariff status of articles cannot be determined at the time of entry, "because of any other reason," the notice of liquidation shall be voided, and, when the amount of duties is finally ascertained, a proper notation must be made on the entry.

No such notation appears on the original mail entry which is with the official papers in this case. Therefore, it must be presumed that when the instant protest was filed on May 5, 1958, the entry had not yet been liquidated.

Section 514 of the Tariff Act of 1930 provides for the filing of a protest within 60 days after, but not before, liquidation. A protest filed before liquidation is, therefore, premature and untimely and must be dismissed. The motion of defendant seeking that relief is granted.

Judgment will be entered accordingly.