TEX MEX BRICK & IMPORT CO.

v.

UNITED STATES.

C.D. 3898; Protest Nos. 66/74186–5165.

United States Customs Court,
Third Division.

Oct. 13, 1969.

Stein & Shostak, Los Angeles, Cal. (Marjorie M. Shostak, Los Angeles, Cal., of counsel), for plaintiff.

William D. Ruckelshaus, Asst. Atty. Gen. (Andrew P. Vance and Velta A. Melnbrencis, New York City, trial attorneys), for defendant.

Before RICHARDSON and LANDIS, Judges.

LANDIS, Judge:

This protest involves three shipments of merchandise described in the entry invoices as "Brick 626 Pink Velour", imported from Mexico. The shipments were entered at Laredo, Texas, on December 29, 1965; January 5, 1966; and January 12, 1966. Protest is addressed to the three entries. The official papers are in evidence.

Five sample bricks from each shipment were subjected to customs laboratory tests at New Orleans. On May 17, 1966, with the reports of the laboratory tests in hand, customs liquidated the three entries and classified the brick as mineral substances or articles of mineral substances, not specially provided for, dutiable at 15 per centum ad valorem under TSUS (Tariff Schedules of the United States) item 523.91.

Plaintiff claims that the brick should be classified under TSUS item 532.11 as ceramic brick, not coated in whole or in part with engobe, glaze, or enamel, dutiable at 50 cents per 1,000 pieces. The customs tests reported that the sample brick was not in fact coated in whole or in part with engobe, glaze, or enamel. As to those facts, there is no controversy.

The genesis of this dispute lies in the laboratory test of the sample brick from each shipment, reporting that none of the samples in entry 4547 were ceramic articles, and that in entries 4346 and 4739 some of the samples were and some were not ceramic articles. The term "ceramic article" is defined in TSUS, schedule 5, part 2, headnote 2, as follows:

2. For the purposes of the tariff schedules—

(a) a "ceramic article" is a shaped article having a glazed or unglazed body of crystalline or substantially crystalline structure, which body is composed essentially of inorganic nonmetallic substances and either is formed from a molten mass which solidifies on cooling, or is formed and subsequently hardened by such heat treatment that the body, if reheated to pyrometric cone 020, would not become more dense, harder, or less porous, but does not include any glass article; ·

\*  \*  \*  \*  \*  \*

The reports attached to entry Nos. 4346 and 4739 bear additional customs red-ink notation "commingled", apparently cluing the customs liquidation to TSUS General Headnote 7, which provides, in essence, that commingled articles, dutiable at different rates, shall be dutiable at the highest rate if they cannot be segregated.

On trial plaintiff amended its protest to include a claim that the imported brick should not have been liquidated at the highest rate applicable to any part under General Headnote 7, and also a claim that the classification of the brick under TSUS item 523.91 constituted a change in uniform practice without the notice required by section 315 of the Tariff Act of 1930. The claim under section 315 has not been pressed or briefed. We consider it is

abandoned, D. N. & E. Walter & Co., et al. v. United States, 44 CCPA 144, 146, C.A.D. 652 (1957), and defer discussing plaintiff's claim that the brick should not be considered "commingled" to first take up plaintiff's claim in chief, namely, that the imported bricks are "ceramic bricks".

The record is a substantial one. It consists of 166 pages of trial testimony, physical exhibits (exhibit 1, representative of the imported brick; exhibit 3, a supply of 020 pyrometric cones; selected documentary materials from publications of the American Society for Testing and Materials (hereinafter ASTM), (exhibits 2, 7, 8); pyrometric cone charts of three different manufacturers (exhibits 4, 5, 6); and a sample of brick, different from that imported, manufactured in Mexico (Exhibit A)).

Both sides have filed briefs. Plaintiff's brief contains four main points, which we dispose of without extensive discussion of the record.

■ Plaintiff's first major contention has two parts: (1) that the facts establish that the imported brick is "ceramic brick" under TSUS item 532.11; (2) that "they [the imported brick] should not have been subjected to any testing to determine whether or not they are ceramic articles" (plaintiff's brief, page 32). All plaintiff has basically proved under the first part is that the imported bricks were manufactured by firing in a tunnel kiln, and were commerically acceptable moderate weather construction brick, used on a job in Houston, Texas. The tariff specification "ceramic brick" must, however, carry with it a presumption that not all brick is ceramic. We cannot ascribe to Congress the doing of a useless act. Fensterer & Voss (Inc.) v. United States, 12 Ct.Cust. Appls. 105, T.D. 40029 (1924). The fact that the imported brick was used in construction, and met all the commercial specifications for that purpose, does not prove it was "ceramic brick". Cf. T. H. Gonzalez v. United States, 54 CCPA 104, 107, C.A.D. 918 (1957). Going to the second part of plaintiff's first conten-

tion, the decision of customs officials to test samples of the imported brick was a matter clearly within their discretion, under the power delegated customs officials to classify and fix the rate of duty on imported merchandise. 19 U.S.C. § 1505. That decision is not *per se* subject to review. George E. Bardwil & Sons v. United States, 42 CCPA 118, C. A.D. 583 (1955). "There is a presumption of law that the Collector of Customs has considered the pertinent facts regarding the merchandise at bar and hence it is necessary for the importer to prove, *prima facie*, not only that the classification made by the collector was erroneous, but also that is own contention is correct." United States v. Ameris Trading Co., 41 CCPA 151, C.A.D. 542 (1953).

Plaintiff's second major point is that customs did not properly carry out the test it selected as proper to determine whether the imported brick was "ceramic brick".

■ Assuming, for purposes here, that the customs test was erroneous, a fact which is debatable, plaintiff still has not proved that the imported brick is "ceramic brick". An erroneous classification must stand when the claimed classification is not proved. United States v. Cody Manufacturing Co., Inc., et al., 44 CCPA 67, C.A.D. 639 (1957). Finding as we do, on this record, no affirmative showing that the imported brick is "ceramic brick" (under any definition), we need not reach or discuss plaintiff's third major point, that the TSUS definition of "ceramic article" is illegal and void, because it is too vague and indefinite to be uniformly applied, and has no clear meaning in the trade and commerce of the United States.

This brings us to plaintiff's amended claim and fourth major point that, if the imported bricks consist of "commingled" brick, dutiable at different rates, as customs found by appropriate notation on the reports made in protest entry Nos. 4346 and 4739 (entry No. 4547, the third protest entry, lacks similar notation and, in our opinion, is beyond the reach of the

*amended claim\**), those shipments are not dutiable at the higher rate in TSUS item 523.91, but at the claimed lower rate in TSUS item 532.11, under the exception in General Headnote 7(c). That headnote states in pertinent part, that the lower of two rates applicable to any part of commingled merchandise shall apply:

* * * if the consignee or his agent furnishes, in such time and manner as may be prescribed by regulations of the Secretary of the Treasury, satisfactory proof—

(i) that such part (A) is commercially negligible, (B) is not capable of segregation without excessive cost, and (C) will not be segregated prior to its use in a manufacturing process or otherwise, and

(ii) that the commingling was not intended to avoid the payment of lawful duties.

Any article with respect to which such proof is furnished shall be considered for all customs purposes as a part of the article, subject to the next lower rate of duty, with which it is commingled.

Customs regulations 16.9 (19 C.F.R. 16.9), prescribed by the Secretary of the Treasury, state in pertinent part that:

*16.9 Commingling of goods.* * * *

(b) The collector shall give written notice to the consignee as promptly as possible after any commingling is discovered.

(c) If a consignee or his agent desires to avail himself of the privileges of such general headnote 7(c) * *, he shall file with the collector within 30 days after the date of delivery or mailing of the notice provided for in paragraph (b) of this section documentary proof which will satisfy the collector that the merchandise is entitled to the lower rate of duty.

There is no evidence that customs gave any written notice that it had discovered commingling, as required by the reg-

ulations. Somewhere along the customs line plaintiff had actual notice but did know "exactly when". (R. 26, 27, 33.)

Neither party makes much of defendant's failure to give or plaintiff to receive the required written notice of commingling. Plaintiff does not claim or even cite the line of cases holding that where the law requires a notice and prescribes the kind of notice, failure to give the prescribed notice invalidates and voids the liquidation. United States v. Astra Bentwood Furniture Co., 28 CCPA 205, C.A.D. 147 (1940); United States v. B. Holman, Inc., 29 CCPA 3, C.A.D. 164 (1941); United States v. Judson Sheldon Division, National Carloading Corp., 42 CCPA 202, C.A.D. 594 (1955). Defendant simply says that the failure to give written notice did not prejudice plaintiff because the record shows that it could not have complied with the conditions for exception. That may be so.

■ The record, *prima facie*, supports the statutory conditions that the imported brick is not capable of segregation without excessive cost (to segregate properly, all the brick would have to be tested and testing destroys the brick), and that the brick was not segregated prior to use in construction and was not commingled to avoid lawful duties. Plaintiff additionally argues that, since the brick cannot and is not segregated before use, the commingled non-ceramic brick in the shipments is in fact, also, "commercially negligible". Plaintiff is patently groping for straws. "Commercially negligible" means what it says. There has to be some commercial proof. Simply because the necessary facts may be difficult or impossible to establish in the case of the imported bricks does not mean that the condition need not be met or that it can be finessed.

■ It may well be that plaintiff cannot and will not be able to prove that the commingling was commercially negligible. Notwithstanding plaintiff's apparent indifference to such relief, we hold that entry Nos. 4346 and 4739 were

---

* Neither party has briefed this point.

not legally liquidated. Customs regulations, authorized by law, are mandatory and have the force and effect of law. United States v. Browne Vintners Co., Inc., 34 CCPA 112, C.A.D. 351 (1946); United States v. Washington State Liquor Control Board, 34 CCPA 118, C.A.D. 352 (1946); Hoyt, Shepston & Sciaroni v. United States, 47 Cust.Ct. 272, Abstract 65946 (1961). Mandatory regulations are binding on importers and government customs officials alike. The failure of customs officials to comply with the regulations cannot deprive the importer of his rights. Armour and Company v. United States, 29 Cust.Ct. 296, C.D. 1842 (1952). Neither can actual notice of an official customs action relieve customs officials of their duty to give the notice required by law. Philipp Brothers Chemicals, Inc. v. United States, 51 Cust.Ct. 35, C.D. 2410 (1963). The only liquidation against which a valid protest will lie is a legal liquidation. United States v. Astra Bentwood Furniture Co., *supra*. Thus, a protest which includes entries not legally liquidated should be dismissed, as to those entries, *sua sponte*, for lack of jurisdiction. U. Fujita & Co. et al. v. United States, 26 CCPA 63, T.D. 49611 (1938).

Since entry Nos. 4346 and 4739 have not been legally liquidated, the protest as to those entries is untimely and premature. Astra Bentwood Furniture Co., *supra*. Accordingly, entry Nos. 4346 and 4739 are severed from this protest and, as to those the protest is dismissed. It remains the duty of the customs officials to give plaintiff written notice that it found commingled bricks in entry Nos. 4346 and 4739. Plaintiff can then, if it wishes, file application for a lower rate of duty, as required by the customs regulations. Plaintiff, needless to say, must also comply with the mandatory regulations as a condition precedent to recovery. United States v. Browne Vintners Co., Inc., *supra*. Only after compliance with the regulatory procedures can the entries be legally liquidated.

The protest claim is overruled as to entry No. 4547. It is dismissed as to entry Nos. 4346 and 4739 as premature.

Judgment will so enter.

RICHARDSON, J., concurs.