(C.D. 4036)

PRECISE IMPORTS CORP. *v.* UNITED STATES

United States Customs Court, First Division

(Decided June 17, 1970)

*Barnes, Richardson & Colburn* (*James S. O'Kelly* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Brian S. Goldstein* and *Peter Jay Baskin*, trial attorneys), for the defendant.

Watson, Judge: The protest herein is against the classification of an importation of certain starter revolvers which were classified under item 730.80 of the Tariff Schedules of the United States. The said item provides for "Pistols designed to fire only blank cartridges or blank ammunition, and parts thereof" at 42 percent ad valorem.

The plaintiff contends that the imported articles are not classifiable as pistols under item 730.80 but are another category of handguns known as revolvers, that the terms "pistol" and "revolver" are not synonymous, and that revolvers are properly classifiable under item 730.81 as "Other" devices designed to fire only blank cartridges.

The statute involved reads as follows:

Schedule 7, Part 5, Subpart A:

> Other firearms (including captive-bolt pistols, harpoon guns, and similar devices); line-throwing guns, Very light pistols and other devices designed to project only signal flares, pistols and other devices designed to fire only blank cartridges or blank ammunition, all the foregoing, and any devices similar thereto, which expend, or operate by means of, an explosive charge; and parts of the foregoing:

| | | |
|---|---|---|
| 730.80 | Pistols designed to fire only blank cartridges or blank ammunition, and parts thereof_____ | 42% ad val. |
| 730.81 | Other _____ | 9% ad val. |

The record consists of the testimony of two witnesses for each side together with exhibits representing two models of the importation at issue, another model introduced for purposes of comparison, certain pages from plaintiff's 1965 catalog and from the 1967 edition of Shooter's Bible.

Plaintiff's witnesses were Mr. Thomas Palmer, plaintiff's national sales manager and Mr. Frank Ercolino, president of Centaur Firearms Corporation and a former Marine Corps instructor in small arms. Both witnesses drew a clear distinction between "revolvers" in which bullets are placed in a rotating cylinder and "pistols" in which the bullets are located in a clip or magazine. They distinguished on these grounds between exhibits 1 and 2, representing the importation and possessing rotary cylinders, and exhibit 4, representing a pistol operation.

Defendant's witnesses were Mr. Rudolph Kales, a special investigator assigned as regional firearms coordinator of the Alcohol and Tax Division, Internal Revenue Service and Lieut. Francis J. McGee, supervising firearms instructor for the firearms unit of the New York City Police Academy. Mr. Kales was of the opinion that a revolver was a form of pistol, although under questioning by the court he drew the same distinction as that set forth by plaintiff's witnesses and stated that an expert would distinguish between the terms.

Lieut. McGee was of the opinion that exhibits 1, 2, and 4 were all known as "starter pistols" and the word pistol would be sufficient to cover the entire gamut of handguns.

The testimony of all these witnesses establishes that the nature of the article in question does not depend on whether or not it fires live ammunition. The issue is whether the importations, utilizing a revolver mechanism, fall within the term pistol as utilized in item 730.80. Phrased differently, the question is whether the tariff schedules embody a distinction between pistols and revolvers which limits the scope of the term pistol in item 730.80.

The dictionaries, encyclopedias and other authoritative sources cited by the parties do not adequately establish the scope of the terms in dispute.

A reading of a subpart A of schedule 7, part 5, under the general heading of "Arms and Ammunition" reveals that there are four provisions in which both pistols and revolvers are provided for by name. This consistent use of two separate terms leads us to believe that Congress was not simply indulging in idle repetition. In fact the presumption is to the contrary, namely that Congress was not using superfluous or unnecessary language (*Fensterer & Voss (Inc.)* v. *United States*, 12 Ct. Cust. Appls. 105, T.D. 40029 (1924)). We are therefore led to infer that there is a meaningful difference between these two terms and this inference is strengthened by the bulk of the testimony and by an examination of legislative history.

The Tariff Act of 1922 did not mention revolvers by name and an importer of revolvers was successful in arguing that imported revolvers were not covered by the commercial meaning of "pistols" in paragraph 366 of said act providing for "Pistols: Automatic, magazine, or revolving * * *." *J. L. Galef* v. *United States*, 57 Treas. Dec. 126, T.D. 43805 (1930), aff'd *United States* v. *J. L. Galef*, 18 Ct. Cust. Appls. 180, T.D. 44377 (1930).

During the effective period of the Tariff Act of 1922, representatives of domestic arms manufacturers appeared before the Ways and Means Committee to argue generally for increased tariff protection and specifically for a change in paragraph 366 to include revolvers by name.[1] This language was adopted in the tariff bill, H.R. 2667 submitted by the committee and the Tariff Act of 1930 included in paragraph 366 language reading, "Pistols and revolvers: Automatic, single-shot, magazine or revolving * * *." The separation between pistols and revolvers was carried forward into the Tariff Schedules of the United States in which various separate paragraphs of the 1930 Act

---

[1] Hearings on Tariff Readjustment Before the Committee on Ways and Means, House of Representatives, 70th Cong., 2d Sess., Vol. 3, pp. 2330–38.

dealing with firearms and ammunition were brought together in sub-part A.

In sum, the testimony establishes to our satisfaction that there is a meaningful distinction between a pistol and a revolver. Coupled with our views regarding legislative history and the need to give full scope to each term employed by Congress, we conclude that the term "pistols" as used in item 730.80 does not include revolvers such as those at issue. The protest is sustained.

Judgment will be entered accordingly.