(C.D. 4171)

ARTIFLOR MFG. CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided January 29, 1971)

*Siegel, Mandell & Davidson* (*Allan H. Kamnitz and Harvey A. Isaacs* of counsel) for the plaintiff.

*L. Patrick Gray, III*, Assistant Attorney General (*Andrew P. Vance* and *Ralph A. Bontempo*, trial attorneys), for the defendant.

Before RICHARDSON and LANDIS, Judges, and ROSENSTEIN, Senior Judge

LANDIS, Judge: This protest involves the importation from Japan of Christmas glass ball corsages. They were entered at New York and assessed under TSUS item 545.85 as Christmas ornaments of glass, other, dutiable at 40 per centum ad valorem.

Plaintiff claims herein that the merchandise should have been classified under TSUS item 548.05 as articles of glass, not specially provided for, and dutiable at 25 per centum ad valorem.

Counsel have submitted this protest for decision on the following stipulation:

It Is Hereby Stipulated and Agreed by and between Siegel, Mandell & Davidson, counsel for plaintiff, and the Assistant Attorney General for the United States, that:

1. The merchandise, the subject of the above protest, consists of certain glass ball corsages designated on the invoice as Item 101.

2. Said merchandise is in chief value of glass and is not valued over $7.50 per gross, and is not specially provided for in Subparts 3–A or 3–B of Schedule 5, Tariff Schedules of the United States.

3. Said merchandise is chiefly used as a corsage during the Christmas season.

4. Upon liquidation, the merchandise was assessed under Item 545.85, Tariff Schedules of the United States, as Christmas ornaments of glass: * * * other: valued not over $7.50 per gross, dutiable at 40 per centum ad valorem.

5. It is the importer's sole claim herein that said merchandise is properly dutiable at 25 per centum ad valorem under Item 548.05, Tariff Schedules of the United States, the provision for articles, not specially provided for, of glass: * * * other.

6. The protest enumerated above was filed within the time provided by law.

The relevant context of TSUS item 545.85 and 548.05, as they appear in schedule 5, part 3 of the tariff schedules, is as follows:

Subpart C. – Glassware and Other Glass Products

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Christmas ornaments of glass:

| | | | |
|---|---|---|---|
| 545.81 | Beads _____ | | * * * |
| | Other: | | |
| 545.85 | Valued not over $7.50 per gross____ | 40% ad val. | |
| * | * | * | * |

Subpart D. – Glass Articles Not Specially Provided for

Articles not specially provided for, of glass:
Tubes and tubing with ends processed:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |
| 548.05 | Other _____ | | | | 25% ad val. | |

Both sides have filed briefs. Plaintiff contends that, in line with the common understanding of the term, the provision for "Christmas

ornaments of glass" was "intended to be and is, in fact, limited to those articles of a type chiefly used on Christmas trees". We note, however, the TSUS provision under schedule 7, part 12, subpart C, Rubber and Plastics Products (TSUS item 772.95), specifically provides under the superior heading "* * * Christmas ornaments" for the limited inferior heading "Christmas tree ornaments" as distinguished from the "Christmas ornaments of glass" covering TSUS item 545.85. In our judgment, this effectively negates plaintiff's contention that TSUS item 545.85 is limited to Christmas tree ornaments and in actuality supports the customs classification of the corsages under TSUS item 545.85, and we therefore overrule the protest.

The principal support of plaintiff's "tree" theory, as discussed in its brief, is the comment in the Tariff Classification Study (1960), Schedule 5, at page 140, as follows:

> Items 545.85 and 545.87—These items embrace Christmas tree ornaments currently dutiable under paragraph 218(f).[1] The existing provisions remain unchanged.

The above statement makes clear that under the superior heading "Christmas ornaments of glass" the inferior tariff heading "Other" embraces Christmas tree ornaments of glass dutiable under paragraph 218(f) of the 1930 Tariff Act, as modified by T.D. 53865. We are inclined, however, to agree with the substance of defendant's reply, namely, that the superior tariff heading should not be limited by the statement of what is embraced by the nondescript tariff heading under it.

Furthermore, plaintiff's contention that "Christmas ornaments of glass" should be limited to tree ornaments flies in the face of the fact that Congress deliberately dropped the word "tree" out of the specified 218(f) paragraph of the tariff act, as modified, in enacting the new section of the statute. We cannot presume to Congress in changing the language of a statute the doing of a useless thing. *Fensterer & Voss (Inc.)* v. *United States*, 12 Ct. Cust. Appls. 105, T.D. 40029 (1924). Ordinarily a change in the language of the statute imports a change

---

[1] Paragraph 218(f) of the Tariff Act of 1930, as modified by T.D. 53865 (Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade) :

> 218(f)   All articles (not including table and kitchen articles and utensils) of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free:
>
> Christmas tree ornaments valued under $7.50 per gross _____ 40% ad val.

in meaning unless the contrary is made plainly to appear in other ways. *Fynaut & Popek* v. *United States*, 23 CCPA 265, T.D. 48112 (1936).

What Congress intended when it provided for "Christmas ornaments of glass" should be construed consistent with a kindred classification on the same subject. As stated in *A. Maschmeijer, Jr., Inc.* v. *United States*, 39 CCPA 139, 149, C.A.D. 476 (1952):

> In construing the meaning and scope of statutory provisions in order to determine the legislative intent or purpose thereof, every effort should be made to construe the same so that they will be consistent with other expressions of legislative intent on the same subject found in other laws so that all such enactments may be carried into effect without conflict. *L. Heller & Son., Inc., et al.* v. *Federal Trade Commission*, 191 F. (2d) 954, 956–957.

Plaintiff's citation of the Summaries of Trade and Tariff Information (1968), Schedule 5, Volume 4, page 75, we do not find persuasive. The comparable section in TSUS schedule 7, part 12, subpart C (previously cited), items 772.95 and 772.97 is as follows:

> Nativity scenes; *Christmas ornaments* [emphasis added]; crucifixes; miniature altars, shrines, and holy-water fonts; religious figurines and statuettes; other religious articles; all the foregoing (not including any article provided for in part 6A of this schedule) of rubber or plastics:
>
> 772.95      Christmas tree ornaments_____
> 772.97      Other _____

The inferior TSUS item 772.95 classification for "Christmas tree ornaments" of rubber or plastics under the superior heading "Christmas ornaments" demonstrates that the superior heading "Christmas ornaments of glass" is not limited to those Christmas ornaments of a type chiefly used on Christmas trees, as plaintiff contends.

The protest is overruled. Judgment will be entered accordingly.